IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wright, Worley, Pope, Ekster & Moss, PLLC, | ) ) ) | C/A No. 4:21-02222-JD-KDW |
| Plaintiff, | ) ) ) | |
| v. | ) ) | REPORT AND RECOMMENDATION |
| Sherry Ann Smith and Blue Cross Blue Shield of Tennessee, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the undersigned United States Magistrate Judge for a Report and Recommendation ("Report") on the pending Motion for Summary Judgment filed by Defendant Blue Cross Blue Shield of Tennessee ("BCBST"). ECF No. 29. The case is before the undersigned because Defendant Sherry Ann Smith is proceeding pro se. Pursuant to 28 U.S.C. § 636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.    Factual and Procedural Background

Plaintiff, the law firm of Wright, Worley, Pope, Ekster & Moss, PLLC ("Law Firm" or "Plaintiff"), represented Defendant Sherry Ann Smith ("Client" or "Smith") in a previous personal injury case concerning an August 21, 2016 incident. That matter was settled in mediation. Compl. ¶¶ 9-10. The settlement proceeds from that matter were deposited into Law Firm's Trust Account. *Id.* ¶ 9. BCBST is the third-party claims administrator that administered Smith's claims for benefits under the West Fraser, Inc. Health and Welfare Plan ("Plan"). Declaration of BCBST Subrogation Analyst Tracy Odders ("Odders Decl.") ¶ 2, ECF No. 29-2. The Plan is an employee welfare benefit plan that is governed by the federal Employee Retirement Income Security Program,

commonly referred to as ERISA, 29 U.S.C. §§ 1001-1169. ERISA confers exclusive jurisdiction

on this court. *See* 29 U.S.C. §§ 1132(a)(3)(B)(ii) and (E); *Sereboff v. Mid Atl. Med. Servs., Inc.,*

547 U.S. 356, 363, 366 (2006) (finding ERISA confers jurisdiction over claims by ERISA-plan

fiduciaries to recover equitable lien based on terms of Plan).

In connection with the injuries suffered by Smith in the August 21, 2016 incident, the Plan

indicates it has paid medical benefits on her behalf in the amount of $7,132.17 ("Disputed Funds").

Compl. ¶ 10. The Plan's Summary Plan Description ("SPD") contains a section entitled,

"Subrogation and Right of Reimbursement," which sets forth the Plan's rights of subrogation and

reimbursement in the event the Plan pays benefits for injuries that are caused or contributed to by

a third-party. SPD 87-88, ECF No. 29-3. BCBST asserted a first-priority right of subrogation and

reimbursement over a portion of the settlement proceeds equal to the amount of its asserted lien.

*Id.* ¶¶ 10. Smith would not authorize Law Firm to reimburse the Plan in accordance with its terms,

and this litigation ensued. *Id.* ¶ 11. Smith and Law Firm have "severed their relationship as attorney

and client." *Id.* ¶ 12. The Disputed Funds remain in the Law Firm's Trust Account. *Id.* ¶¶ 9, 13.

Law Firm brought this action seeking resolution of whether Smith or BCBST is entitled to

the Disputed Funds held in its Trust Account. *See generally*, Compl.[1] Law Firm indicates it "claims

no interest in the money yet cannot safely distribute the money or any part of it without an Order

of the Court establishing the rights of the parties." Compl. ¶ 15. BCBST answered, asserting its

---

[1] Although the Complaint suggests that the Disputed Funds be deposited with the Clerk of Court in interpleader, no party has moved to have the Disputed Funds held by the court. Given that the Disputed Funds are currently held in trust and no party has requested the funds be moved before this matter is resolved, the court does not further consider the request for deposit. ERISA provides exclusive jurisdiction herein; to the extent the interpleader request is construed under Federal Rule of Civil Procedure 22, deposit of disputed funds with the court is not necessarily required. *See generally*, *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 391 F. Supp. 2d 541, 560 & n. 29 (S.D. Tex. 2005) (noting Fed. R. Civ. P. 22 interpleader does not require a deposit with the court).

rights to the Disputed Funds. ECF No. 6. Smith submitted a short document that is construed as an Answer. ECF No. 5. Smith avers she is "entitled to all monies that are in question" in this matter. *Id.* She indicates "per [her] attorney Moss and by proof of receipts [she has] in [her] possession[2] all monies Blue Cross believes they are owed ha[ve] already been paid and therefore it is [her] belief that all monies left in the account in question belong to [her]." *Id.* Other than her Answer, Smith's only other filings with the court were responses to preliminary court interrogatories and scheduling information. ECF Nos. 16-18.

Nothing further transpired in this matter until BCBST filed the instant Motion for Summary Judgment on April 6, 2022. In that Motion, BCBST "requests that this Court find that the Plan's terms allow for reimbursement and enter judgment in its favor in the amount of $7,132.17, along with any further relief the Court deems just and proper." Mem. Supp. Mot. Summ. J. 2, ECF No. 29-1.

No party has filed any response to the Motion. As Law Firm has indicated it takes no position as to whom the Disputed Funds should be disbursed, no response would be expected of it. Because Smith is proceeding pro se, she was advised she had the opportunity to respond to BCBST's Motion and that, if she did not respond adequately, the court could grant the Motion and enter judgment in BCBST's favor, resulting in the Disputed Funds in this matter being awarded to BCBST and not to Smith. Apr. 8, 2022 Order, ECF No. 30. It appears that Smith received that Order as it was not returned to the court. Smith's May 9, 2022 deadline for responding to the Motion passed with no response or communication from her. On May 23, 2022, the court again advised Smith of the importance of responding to BCBST's Motion and that, if she did not provide

---

[2] Smith has not provided any such receipts or otherwise provided evidence in support of her position.

sufficient response by June 13, 2022, it would be "recommended that the Motion be granted and that judgment be entered in favor of BCBST and this matter be ended." ECF No. 36. Smith has filed no response. Further, although she was reminded at the outset of this litigation that she was required to keep the court apprised of her address, ECF No. 12, the May 23, 2022 Order has been returned as undeliverable, ECF No. 39.

III.    Discussion

Given Smith's failure to respond to the pending Motion, the court may grant the relief sought by BCBST without further discussion. In any event, the undersigned has reviewed the relevant portions of the Plan documents provided by BCBST and finds that it has established that the Plan terms entitle it to reimbursement of medical benefits it paid on Smith's behalf. BCBST has established entitlement to an equitable lien on the Disputed Funds.

The Plan's "Subrogation and Right of Reimbursement" provision provides for reimbursement of benefits paid in situations such as the one presented here in which a beneficiary (such as Smith) is injured by another party (such as defendant in Smith's earlier personal injury case); the Plan pays medical expenses because of that injury; the beneficiary obtains a settlement or judgment; and the beneficiary fails to abide by the Plan terms. The Plan terms provide in relevant part:

> B. Priority Right of Reimbursement
>
> Separate and apart from the Plan's right of subrogation, the Plan shall have first lien and right to reimbursement. The Plan's first lien supercedes any right that You may have to be "made whole". In other words, the Plan is entitled to the right of first reimbursement out of any recovery You might procure regardless of whether You have received compensation for any of Your damages or expenses, including Your attorneys' fees or costs. This priority right of reimbursement supersedes Your right to be made whole from any recovery, whether full or partial. In addition, You agree to do nothing to prejudice or oppose the Plan's right to subrogation and reimbursement and You acknowledge that the Plan precludes operation of the "made-whole", "attorney-fund", and "common-fund" doctrines. You agree to

reimburse the Plan 100% first for any and all benefits provided through the Plan, and for any costs of recovering such amounts from those third parties from any and all amounts recovered through:

- Any settlement, mediation, arbitration, judgment, suit, or otherwise, or settlement from Your own insurance and/or from the third party (or their insurance);
- Any auto or recreational vehicle insurance coverage or benefits including, but not limited to, uninsured motorist coverage;
- Business and homeowner medical liability insurance coverage or payments.

The Plan may notify those parties of its lien and right to reimbursement without notice to or consent from those Members.

This priority right of reimbursement applies regardless of whether such payments are designated as payment for (but not limited to) pain and suffering, medical benefits, and/or other specified damages. It also applies regardless of whether the Member is a minor.

This priority right of reimbursement will not be reduced by attorney fees and costs You incur.

The Plan may enforce its rights of subrogation and recovery against, without limitation, any tortfeasors, other responsible third parties or against available insurance coverages, including underinsured or uninsured motorist coverages. Such actions may be based in tort, contract or other cause of action to the fullest extent permitted by law.

Notice and Cooperation

Members are required to notify the administrator promptly if they are involved in an incident that gives rise to such subrogation rights and/or priority right of reimbursement, to enable the administrator to protect the Plan's rights under this section. Members are also required to cooperate with the administrator and to execute any documents that the administrator, acting on behalf of the Employer, deems necessary to protect the Plan's rights under this section.

The Member shall not do anything to hinder, delay, impede or jeopardize the Plan's subrogation rights and/or priority right of reimbursement. Failure to cooperate or to comply with this provision shall entitle the Plan to withhold any and all benefits due the Member under the Plan. This is in addition to any and all other rights that the Plan has pursuant to the provisions of the Plan's subrogation rights and/or priority right of reimbursement.

If the Plan has to file suit, or otherwise litigate to enforce its subrogation rights and/or priority right of reimbursement, You are responsible for paying any and all

costs, including attorneys' fees, the Plan incurs in addition to the amounts recovered through the subrogation rights and/or priority right of reimbursement.

<u>Legal Action and Costs</u>

If You settle any claim or action against any third party, You shall be deemed to have been made whole by the settlement and the Plan shall be entitled to collect the present value of its rights as the first priority claim from the settlement fund immediately. You shall hold any such proceeds of settlement or judgment in trust for the benefit of the Plan. The Plan shall also be entitled to recover reasonable attorneys' fees incurred in collecting proceeds held by You in such circumstances.

Additionally, the Plan has the right to sue on Your behalf, against any person or entity considered responsible for any condition resulting in medical expenses, to recover benefits paid or to be paid by the Plan.

<u>Settlement or Other Compromise</u>

You must notify the administrator prior to settlement, resolution, court approval, or anything that may hinder, delay, impede or jeopardize the Plan's rights so that the Plan may be present and protect its subrogation rights and/or priority right of reimbursement.

The Plan's subrogation rights and priority right of reimbursement attach to any funds held, and do not create personal liability against You.

**The right of subrogation and the right of reimbursement are based on the Plan language in effect at the time of judgment, payment or settlement.**

The Plan, or its representative, may enforce the subrogation and priority right of reimbursement.

The Covered Person agrees that the proceeds subject to the Plan's lien are Plan assets and the Covered Person will hold such assets as a trustee for the Plan's benefit and shall remit to the Plan, or its representative, such assets upon request. If represented by counsel, the Covered Person agrees to direct such counsel to hold the proceeds subject to the Plan's lien in trust and to remit such funds to the Plan, or its representative, upon request. Should the Covered Person violate any portion of this section, the Plan shall have a right to offset future benefits otherwise payable under this plan to the extent of the value of the benefits advanced under this section to the extent not recovered by the Plan.

SPD 87-88, ECF No. 29-3 (emphasis in original).

This right of reimbursement creates an equitable lien by agreement that may be enforced against Smith, so long as she—or some other entity—exercises possession or control over the Disputed Funds. Here, the Disputed Funds are being preserved in Law Firm's trust account. BCBST has provided evidence that it paid the $7,132.17 in medical expenses on Smith's behalf. Odders Decl. ¶ 10 & ex. 2—Itemization, ECF No. 29-3. Smith has provided no evidence to the contrary, despite having been provided ample opportunity to do so.

BCBST seeks to enforce the provisions of ERISA and to enforce the Plan's terms concerning reimbursement. The undersigned recommends a finding that BCBST's Motion for Summary Judgment be granted establishing the Plan's entitlement to the Disputed Funds. If this recommendation is adopted, Law Firm is to be instructed to distribute the Disputed Funds to the Plan; Smith will not be entitled to the Disputed Funds.

IV.    Recommendation

Accordingly, it is recommended that the district court grant the pending Motion for Summary Judgment, ECF No. 29. Judgment in favor of BCBST and the Plan is appropriate. If this recommendation is adopted, such judgment will be satisfied by payment of the Disputed Funds in Law Firm's trust account being paid to BCBST/the Plan. As this will dispose of the issue presented in this case, the case will then be closed.

IT IS SO RECOMMENDED.

July 5, 2022                                                    Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**