IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wright, Worley, Pope, Ekster & Moss, PLLC, | ) ) ) | Case No.: 4:21-cv-02222-JD |
| Plaintiff, | ) ) | **OPINION & ORDER** |
| vs. | ) ) | |
| Sherry Ann Smith and Blue Cross Blue Shield of Tennessee, | ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Kaymani D. West ("Report and Recommendation") (DE 41), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] Plaintiff Wright, Worley, Pope, Ekster & Moss, PLLC ("Law Firm" or "Plaintiff"), brought this action seeking determination of whether Defendant Sherry Ann Smith ("Ms. Smith") or Defendant Blue Cross Blue Shield of Tennessee ("BCBST") is entitled to settlement proceeds in the amount of $7,132.17 ("Disputed Funds") currently held in the Law Firm's Trust Account.  (DE 41, p. 2.)

Defendant BCBST filed a Motion for Summary Judgment on April 29, 2022, contending that it is entitled to the Disputed Funds in order to reimburse the West Fraser, Inc. Health and Welfare Plan ("Plan").[2]  (DE 29.)  On April 8, 2022, pursuant to Roseboro v. Garrison, 528 F.2d

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

[2]     BCBST is the third-party claims administrator for the Plan, which previously paid benefits to Ms. Smith, and BCBST has asserted a lien in the amount of the Disputed Funds.

1

309 (4th Cir. 1975), Defendant Ms. Smith, proceeding *pro se*, was advised she had the opportunity to respond to BCBST's motion and that if she did not respond adequately, the court could grant the Motion and enter judgment in BCBST's favor, resulting in the Disputed Funds in this matter being awarded to BCBST and not to Ms. Smith. (DE 30.) It appears that Ms. Smith received that Order as it was not returned to the Court. Ms. Smith's May 9, 2022, deadline for responding to the Motion passed with no response or communication from her. On May 23, 2022, the Court issued a Text Order ("Text Order") again advising Ms. Smith of the importance of responding to BCBST's Motion and that if she did not provide sufficient response by June 13, 2022, it would be "recommended that the Motion be granted and that judgment be entered in favor of BCBST and this matter be ended." (DE 36.) Thereafter, Ms. Smith did not file a response.[3]

On July 5, 2022, the magistrate judge issued a Report and Recommendation, recommending that Defendant BCBST's Motion for Summary Judgment be granted and that the Disputed Funds be paid to BCBST/the Plan. (DE 41, p.7.)

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

It is, therefore, **ORDERED** that Defendant Blue Cross Blue Shield of Tennessee's Motion for Summary Judgment (DE 29) is granted, and Plaintiff Wright, Worley, Pope, Ekster & Moss, PLLC, shall distribute the Disputed Funds in the amount of $7,132.17 to Defendant Blue Cross Blue Shield of Tennessee and/or West Fraser, Inc. Health and Welfare Plan.

---

[3] Although Ms. Smith was reminded at the outset of this litigation that she is required to keep the Court apprised of her current address (DE 12), the May 23, 2022, Text Order has been returned as undeliverable. (DE 39.)

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

August 25, 2022
Florence, South Carolina

## NOTICE OF RIGHT TO APPEAL

Defendant is hereby notified that she has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.